**VETERANS OF FOREIGN WARS OF UNITED STATES v. DURABLE OUTFITTERS, Inc. et al.**

United States District Court
S. D. New York.

Dec. 2, 1949.

John C. Williamson Washington, D. C., Thomas F. Twyford Brooklyn, N.Y., Hugh L. McArthur, Tampa, Florida, attorneys for plaintiff.

House, Grossman, Vorhaus & Hemley, New York City, attorneys for defendants, Jacob Broches Aronoff, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff's motion for an injunction pendente lite is denied.

Plaintiff seeks a preliminary injunction restraining the defendants, their agents, servants, employees and all persons in active concert or participation with them, from manufacturing, distributing, selling or otherwise marketing the insignia and emblem of the Veterans of Foreign Wars of the United States, pending the trial.

The plaintiff claims ownership of the trade-mark representing the insignia and emblem of the Veterans of Foreign Wars of the United States. It contends that the marketing by the defendants of the insignia of the Veterans of Foreign Wars and the marketing of any uniforms, coats, caps and other items is being done without the consent or license of the plaintiff and causing it irreparable loss and damage; that the action of the defendants is equivalent to an infringement of the trade-mark of plaintiff's insignia and emblems.

The defendants' contention in brief is that it has been marketing the items in question for at least twelve years; that there is no trade-mark question involved; that there is no deception; that there is no public involved since the sale of the items is directly to either the local post or the State post of the Veterans of Foreign Wars and then only upon direct order from them. The defendants also contend that they are but one of approximately two hundred independent manufacturers who manufacture upon direct order from various State departments and posts of the Veterans.

The papers submitted indicate quite clearly that the conduct complained of has existed for many years, and that the plaintiff has condoned the conduct complained of for the greater part of the last twelve

732

years. Not only does it appear that direct orders were placed by the National office of the Veterans of Foreign Wars but various State posts and local posts have been and still are ordering directly from the defendants the very items in dispute. The dispute, if any does exist, would seem to be between the National Supply Department of the Veterans of Foreign Wars and the various State Departments which are insistent upon doing business directly with the defendants. It is difficult to see how irreparable injury would result to the plaintiff if an injunction pendente lite is not granted, particularly when it has waited almost twelve years before bringing the instant suit.

This is not a case where a plaintiff has suddenly discovered the commission of the acts complained of but rather it is acknowledged that the defendants have been committing these acts to the knowledge of the plaintiff for many years. The plaintiff must use prompt diligence in applying for a temporary injunction. See Chase Brass & Copper Co. v. Chase Metalcraft Corp., D. C.S.D.N.Y. 1937, 19 F.Supp. 966.

Plaintiff's motion for an injunction pendente lite is accordingly denied.