**BEECHWOOD MUSIC CORPORATION
and Ardmore & Beechwood, Limited, Plaintiffs-Appellees,**

v.

**VEE JAY RECORDS, INC., and Malverne
Distributors, Inc., Defendants-
Appellants.**

**No. 28734.**

United States Court of Appeals
Second Circuit.

Argued Feb. 19, 1964.

Decided Feb. 19, 1964.

Solomon Granett, New York City, Halperin, Morris, Granett & Cowan, and Theodore Nussbaum, New York City, of counsel, for plaintiffs-appellees.

Thomas R. Levy, New York City, Walter Hofer, New York City, of counsel, for defendants-appellants.

Before WATERMAN, FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm in open court an order of Judge Edelstein, in the District Court for the Southern District of New York, granting to the proprietor and the licensee of the copyrights of two musical compositions "Love Me Do" and "P.S. I Love You" a temporary injunction against the manufacture and sale of records embodying performances of them by The Beatles—whom we identify for posterity as four long-haired British "rock and roll" performers currently enjoying a *succès fou*. Defendant Vee Jay Records, Inc. has been manufacturing the records from master recordings by The Beatles to which it was entitled under an agreement with Transglobal Music Co., Inc., admittedly not the copyright proprietor. Vee Jay's opposition to the grant of the injunction, below and here, rested on the alternative grounds (1) that it was entitled to manufacture and sell the records under the compulsory

license provision of the Copyright Act, 17 U.S.C. § 1(e), because the copyright owner had licensed mechanical reproduction in Great Britain; and (2) that affiliations among plaintiffs, Transglobal and other corporations made it inequitable for plaintiffs to deny the licenses Vee Jay had sought.

■ It would be quite unreasonable to construe the condition of the compulsory license clause, "that whenever the owner of a musical copyright has used or permitted or knowingly acquiesced in the use of the copyrighted work upon the parts of instruments serving to reproduce mechanically the musical work," as being satisfied by the manufacture of records in a foreign country, at least when these have not been brought into the United States. "Rules of United States statutory law * * * apply only to conduct occurring within, or having effects within, the territory of the United States, unless the contrary is clearly indicated by the statute." American Law Institute, Restatement of the Foreign Relations Law of the United States (Proposed Official Draft), § 38; American Banana Co. v. United Fruit Co., 213 U.S. 347, 355, 29 S.Ct. 511, 53 L.Ed. 826 (1909); Foley Bros., Inc. v. Filardo, 336 U.S. 281, 69 S.Ct. 575, 93 L.Ed. 680 (1949). Defendants' construction would lead to the absurd conclusion that a foreign copyright owner who licenses mechanical reproduction in his own country, without any intention of ever entering the United States market, must promptly file a notice in the copyright office in Washington or else lose even the 2 cent per record royalty given by the compulsory license clause. The discussion in the House report, H.R.Rep. No. 2222, 60th Cong.2d Sess. (1909), cited by defendants, is much too inconclusive to carry the day for them. Congress was concerned lest, as applied to the case at hand, any single record manufacturer should be able to monopolize the purveying of The Beatles' message to the American record buying public—not to accelerate the public's opportunity to hear their recordings of "musical com-positions" with which the copyright proprietor has not yet chosen to favor us. Although Ferris v. Frohman, 223 U.S. 424, 32 S.Ct. 263, 56 L.Ed. 492 (1912), dealt with a different claim of extraterritorial application of the Copyright Act, it points strongly against defendants' view.

■ As to defendants' second ground, it suffices to say that the affidavits were far from casting such doubt on the plaintiffs' probability of success as to make the issuance of the temporary injunction an abuse of discretion. Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 497, 500 (2 Cir. 1962). However we are somewhat concerned over the amount of the bond, $5,000, which would be quite inadequate if it should ultimately be decided that the injunction was wrongly issued. See Russell v. Farley, 105 U.S. 433, 437–447, 26 L.Ed. 1060 (1881); Lawrence v. St. Louis-San Francisco Ry., 278 U.S. 228, 233, 49 S.Ct. 106, 73 L.Ed. 282 (1929). Defendants should have leave to apply for a larger bond and also to move for a speedy trial. On that basis the order is affirmed.