UNITED MERCHANTS AND MANU-
FACTURERS, INC. and Pattern
Rights, Inc., Plaintiffs,

v.

Sam SUTTON, Abe S. Sutton and Albert
D. Sutton, Individually, and doing busi-
ness under the firm name and style of
A. D. Sutton and Sons, and A. D. Sut-
ton and Sons, Inc., Defendants.

No. 67 Civ. 1836.

United States District Court
S. D. New York.

Aug. 14, 1967.

Stroock, Stroock & Lavan, New York City, for plaintiffs; David Schwartz, Alvin K. Hellerstein, Arnold I. Rich, New York City, of counsel.

Garfield, Salomon & Mainzer, New York City, for defendants; Jacob Freed Adelman, New York City, of counsel.

OPINION

TENNEY, District Judge.

In this action to enjoin defendants from pirating plaintiffs' designs and for damages, plaintiffs move herein to preliminarily enjoin defendants from infringing valid copyrights, competing unfairly and from taking other related action. Plaintiff United Merchants and Manufacturers, Inc. (hereinafter referred to as "U.M.&M."), through its Cohn-Hall-Marx division, is one of the leaders in the textile converting industry. Plaintiffs allege that defendants, through the guise of sampling plaintiffs' original design fabrics, have copied these designs and placed them on fabric "tote" bags manufactured in Japan which they then sold to various department stores throughout the country.

This action encompasses six of plaintiffs' designs, three of which are copyrighted: "Bahama", Pattern #298; "Bramble", Pattern #426; and "Ceylon", Pattern #599. The uncopyrighted items are plaintiffs' "Coral", "Patina" and "Maze" designs. The "Maze" pattern is an off-shoot of "Patina" with a slight variation in design and different coloration. At the oral argument of the motion, counsel for plaintiffs advised the Court that the preliminary injunction with respect to the "Ceylon" design would not be pressed. No copyright could be obtained for "Coral", "Patina" and "Maze" because the copyright legend on the selvage of the material blurred.

It is undisputed that in September 1966 the defendant Abe S. Sutton came to plaintiffs' showroom in New York City and purchased three-yard samples of the "Bramble", "Ceylon", "Coral", "Patina" and "Maze" designs. The showroom is open only to the trade and not to the general public. Plaintiffs allege that it is a custom of the trade that no one may purchase samples for the purpose of copying and that the defendant Abe S. Sutton was aware of this custom. More-

over, said defendant Sutton signed a contract which stated in pertinent part:

"7. DESIGN PROTECTION: CONFINED PATTERNS: No rights in patterns and designs of goods covered by this contract pass to the Buyer except as an integral part of the goods, and *the Buyer*, as a special inducement to the Seller, *agrees not to copy or cause to be copied or reproduced, either directly or indirectly any such patterns or designs.* * * * " (Emphasis added.)

Toward the end of March 1967, one of plaintiffs' salesmen contacted Sutton as a follow-up to the September 1966 order. Sutton allegedly informed the salesman that he would purchase plaintiffs' material if an American manufacturer could be found who would make defendants' tote bags inexpensively. A manufacturer was located by said salesman and upon his visiting the factory fabric bags were found therein which bore designs claimed by plaintiffs to be substantially identical to the "Bramble" and "Coral" designs. Plaintiffs contend that a further investigation revealed that defendants had "knocked-off" each of the other designs in issue.

### 1. The Copyrighted Designs: "Bahama" and "Bramble".

The test employed to determine if a design has been copied is whether an ordinary observer, who is not attempting to discover disparities "would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960); see John Wolf Textiles Inc. v. Andris Fabrics Inc., 139 U.S.P.Q. 365 (S.D.N.Y.1962).

However, with respect to the copyrighted items in issue, a determination of copying need only be made as to the "Bramble" design since defendants admit that their Style #1117 is identical to plaintiffs' "Bahama" design. Sutton Affid. of May 26, 1967, at 13.

Both plaintiffs' "Bramble" design and defendants' Style #1120 consist of large roses, leaves, petaled flowers, ball-like objects and clusters of small irregular shapes. The rose depicted in defendants' design is virtually identical to plaintiffs' but contains a bit more shadow. The irregularly shaped objects and leaf clusters in both patterns are substantially similar. Both designs contain flowers with spotted centers and similarly shaped petals. The colorations used by plaintiffs and defendants are virtually identical.

Although there might be some points of difference between the two designs, such as the positioning of flowers and the outlining of the figures, the overall aesthetic appeal of the two designs is so similar as to warrant a finding that an observer possessing ordinary qualities of discernment who was not attempting to discover disparities would be taken in. See Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021 (2d Cir. 1966); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra.

With respect to the "Bahama" design, defendants allege that although their design is identical, there was no intent to copy, that defendants did not in fact know of the existence of "Bahama", that their Style #1117 was purchased from Japanese designers in Japan, that #1117 is no longer being produced, and that if damages should be awarded to plaintiffs, defendants are financially able to respond to any such award.

Plaintiffs have given sufficient notice of the "Bahama" copyright by adequate markings on the selvage of each yard of the goods. John Wolf Textiles Inc. v. Andris Fabrics Inc., supra at 367; Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292, 305 (S.D.N.Y. 1959), aff'd sub nom. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960). Defendants' alleged lack of knowledge of plaintiffs' design is no defense to plaintiffs' claim for relief since "an infringer of a valid copyright copies at his peril and an intent to infringe and knowledge to infringe are not essential in determining liability." John Wolf Textiles Inc. v. Andris Fabrics Inc.,

supra at 367; see Massapequa Publishing Co. v. Observer, Inc., 191 F.Supp. 261 (E.D.N.Y.1961).

■■■ Moreover, defendants' allegation that they have discontinued production is no ground for denying the relief sought since the court's power to hear a case and grant injunctive relief survives the discontinuance of the wrongful conduct and the defendants have a heavy burden of demonstrating that they have no reasonable expectation of committing the wrong anew. United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); see United States v. Oregon State Medical Soc'y, 343 U.S. 326, 333, 72 S.Ct. 690, 96 L.Ed. 978 (1952). It is argued by defendants that they have no reasonable expectation of placing Style #1117 on the market again. However, defendants' argument that they had no intentions of copying plaintiffs' "Bahama" when manufacture of the infringing design was commenced is not plausible in light of the identity of the two busy floral patterns, the substantial similarity of the other patterns in issue (with the exception of "Ceylon") and the ease of access that defendants had to plaintiffs' patterns. Their statement concerning this matter also raises grave doubt in my mind whether, as they assert, the manufacture of the infringing designs will not be recommenced, and I must reject such assertion.

■■■ Defendants' only argument regarding the validity of the copyright of "Bahama" is that the designs were all in the public domain. However, the copyrighted matter need not be strikingly unique or novel. All that is necessary is that the "author" do something on his own which is more than a trivial variation. Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1951); John Wolf Textiles Inc. v. Andris Fabrics Inc., supra. Defendants have in no way shown that the "Bahama" design is in the public domain.

■■■ Furthermore, although defendants allege the sufficiency of money damages, where the validity of the copyright is not in issue plaintiffs will be entitled to a preliminary injunction without a detailed showing of the danger of irreparable harm. Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F.2d 144 (2d Cir. 1956); Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955). The Court is of the opinion that plaintiffs' allegation that "the presence of infringing goods on the market drastically destroys the salability and value of original goods" (Deutsch Affid. of May 3, 1967, at ¶ 25) is a sufficient showing of irreparable harm as to "Bahama" and that plaintiffs have sufficiently established their right to and need for a preliminary injunction against infringement of that design.

With respect to the "Bramble" design and to the defendants' Style #1120 which I have found herein to be substantially the same, defendants argue again that the design is in the public domain. Defendants contend that if plaintiffs' design is original, then defendants' design also has such originality as to be distinguishable from "Bramble". At oral argument of this motion, defendants brought forth numerous busy floral designs which they contended were substantially similar to "Bramble". The effect of such a tactic is questionable for even if the designs were similar to "Bramble" they might themselves constitute infringements on plaintiffs' copyright. However, none of the designs was so similar to "Bramble" that a finding of copying would have been justified. Defendants' design, on the other hand, is so much like "Bramble" that when samples of both are placed side by side a casual glance would leave the untrained eye puzzled as to where plaintiffs' design ended and defendants' began. There is no originality present that would warrant a finding that plaintiffs' copyrighted design has not been copied. Compare Alfred Bell & Co. v. Catalda Fine Arts, Inc., supra.

Accordingly, the Court is of the opinion that plaintiffs have established prima facie the validity of the copyright and an injunction should be granted enjoin-

ing the infringement of plaintiffs' "Bramble" copyright.

### 2. The Uncopyrighted Designs: "Coral", "Maze" and "Patina".

■ Plaintiffs proceed on a theory of unfair competition with respect to the uncopyrighted designs. Without reaching the question of the pendent jurisdiction of this court to determine these claims, plaintiffs' request for relief can be disposed of on another ground at this time. Plaintiffs concede that the grounds for the granting of an injunction on the copyrighted designs are different than those relevant to a consideration of the non-copyrighted patterns. See Brief for Plaintiffs, pp. 14–16. On the latter items it would appear that a more detailed showing of irreparable harm is necessary. Compare Speedry Prods., Inc. v. Dri Mark Prods., Inc., 271 F.2d 646 (2d Cir. 1959), with Joshua Meier Co. v. Albany Novelty Mfg. Co., supra.

As has been stated, plaintiffs' only contention of irreparable harm is that the presence of infringing goods on the market will destroy the value of its goods. While this allegation is sufficient for the copyrighted items, it is my opinion that more need be shown to warrant the granting of the relief requested in the unfair competition counts, especially since defendants are financially able to respond to any damages that might be found. See Rosemont Enterprises, Inc. v. Random House, Inc., 366 F.2d 303, 311 (2d Cir. 1966), cert. denied, 385 U.S. 1009, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967); American Visuals Corp. v. Holland, 219 F.2d 233 (2d Cir. 1955) (per curiam).

■ Plaintiffs also claim that defendants have physically attached labels to their tote bags, which labels contain the words "original import", "made in Japan", and "copyright". The basis for relief is Title 15 U.S.C. § 1125(a). The mere fact that plaintiffs claim they are likely to be damaged by a misdescription absent any facts to support this claim is insufficient to warrant the extraordinary remedy of an injunction. It does not appear likely that the tag will create any confusion such as would mislead the buying public and the Court is of the opinion that money damages, if any, would be sufficient.

Accordingly, plaintiffs' motion is granted only insofar as it seeks to enjoin defendants from infringing the "Bahama" and "Bramble" designs.

Defendants' requests for relief raised in their answering papers are denied without prejudice to renewal in the motion part of this court upon proper compliance with Rule 7(b) (1) of the Federal Rules of Civil Procedure. Since no such motions are formally before the Court, no determination will be made on the merits thereof at this time.

Insufficient facts have been presented for me to determine the amount of a bond to be fixed upon the granting of the injunction. If the parties are unable to agree as to the proper amount of a bond, the parties may submit affidavits on this issue and the Court shall make the necessary determination.

Settle order on notice in accordance with Rule 65(d) of the Federal Rules of Civil Procedure and in conformity herewith on or before August 25, 1967.

This opinion contains the Findings of Fact and Conclusions of Law required by Rule 52 of the Federal Rules of Civil Procedure.