UNITED MERCHANTS AND MANUFACTURERS, INC. and Pattern Rights, Inc., Plaintiffs,

v.

K. GIMBEL ACCESSORIES, INC., Defendant.

No. 68 Civ. 3455.

United States District Court
S. D. New York.

Dec. 10, 1968.

**152**

Stroock & Stroock & Lavan, New York City, for plaintiffs.

Golenbock & Barell, New York City, for defendant.

MANSFIELD, District Judge.

Plaintiff United Merchants & Manufacturers, Inc. ("United"), a converter of textiles from raw uncolored fabrics into colored design-bearing finished fabrics, and its wholly-owned subsidiary, Pattern Rights, Inc., seek a preliminary injunction restraining defendant, an importer of fabric-covered luggage from infringing plaintiffs' copyright in certain patterns and designs. The essential undisputed facts are as follows:

United is a Delaware corporation having its principal place of business in New York City. For many years it has been engaged through its Cohn-Hall-Marx and Riverdale Divisions in the business of processing raw "gray" goods into finished fabrics bearing colored designs which it sells to manufacturers, jobbers, department stores and others for various uses. By careful selection and acquisition of ownership of unique designs and design colorations for use in this process from leading artists, stylists and designers employed by it or by outstanding design studios, it has developed an outstanding reputation in its field.

Through Pattern Rights, Inc. plaintiffs are the owners of the following original designs imprinted on textiles converted by United which were registered with the United States Copyright Office on the dates indicated for which registration numbers were issued as shown:

| Name | Date Registered | Class H Registration No. |
|---|---|---|
| Garden of Eden (#372) | September 26, 1963 | H 22750 |
| Morocco (#357) | January 13, 1964 | H 24157 |
| Troy (#609) | August 2, 1966 | H 31602 |
| Caribe, Pattern #184 | June 28, 1961 | H 14087 |
| Vibrato, Pattern #R–3348 | April 20, 1967 | H 33281 |
| Crescendo, Pattern #R–3350 | April 20, 1967 | H 33283 |

Copies of fabrics bearing each of the above designs have been furnished to the Court. Each is imprinted on the edge or selvage with the legend "© Pattern Rights, Inc.", the name of the design and the type of finish. Each of the copyrighted designs appears to present a unique and original arrangement of figures, lines and shapes in varying sizes, patterns and colors. In some cases the arrangement is essentially floral in character, with variations in the sizes, shapes and patterns of the flowers and backgrounds presented, whereas in others the dominant motif is basically an abstract consisting of a series of original combinations of circles, bands, colors and lines.

In March and April 1967 defendant, an importer of fabric-covered bags which it arranges to have manufactured for it in Japan, purchased samples of fabrics bearing plaintiffs' foregoing designs on the express condition that it would not copy or reproduce them directly or indirectly. The sales agreement contained the following express provision:

"7. DESIGN PROTECTION: CONFINED PATTERNS: No rights in patterns and designs of goods covered by this contract pass to the Buyer except as an integral part of the goods, and the Buyer, as a special inducement to the Seller, agrees not to copy or cause to be copied or reproduced, either directly or indirectly any such patterns or designs. If Seller agrees to confine any of the goods sold herewith, it shall be responsible only for ordinary and reasonable care in confining such goods to the specified purpose."

The fabric samples purchased by the defendant contained the foregoing copyright notice along the edge of each sample. Although fabrics bearing the designs "Vibrato" and "Crescendo", ordered by defendant on April 17, 1967, were not registered with the Copyright Office until a later date, they bore the copyright notice required by § 10 of the Copyright Act.

After purchasing the foregoing fabric samples from United subject to the express restrictions noted, defendant used them in the manufacture in Japan of approximately 21,000 sets of fabric-covered luggage which it imported into the United States for sale and is now in the process of selling to department stores and other customers. Samples of each piece of such luggage alleged to infringe upon plaintiffs' copyrighted designs have been furnished to the Court for comparison purposes. Except for a strip along the bottom of each piece, and a narrow solid-colored plastic band around the edge, the bags (which range in size from approximately 10″ x 16″ x 4″ to 20″ x 14″ x 4″) are completely covered with a design fabric alleged to infringe upon one of plaintiffs' four copyrights.

There is some dispute between the parties as to when plaintiffs first discovered the sale of the alleged infringing designs, defendant contending that the discovery was made as early as March of this year and plaintiffs asserting that discovery was not made until a later date. In any event it is apparent that after the discovery plaintiffs were required to spend some time investigating the origin of the luggage before instituting suit in August 1968; and that thereafter protracted but unsuccessful settlement negotiations were conducted. Under the circumstances plaintiffs cannot be said to be guilty of laches or unwarranted delay in seeking injunctive relief.

### DISCUSSION

This case is governed by principles established in Peter Pan Fabrics v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960), which has been followed more recently by Judge Levet in John Wolf Textiles Inc. v. Andris Fabrics, 139 U.S. P.Q. 365 (S.D.N.Y.1962), by Judge Tenney in United Merchants and Manufacturers, et al. v. Sutton, et al., 282 F.Supp. 588 (S.D.N.Y.1967), and by myself in United Merchants and Manufacturers, Inc. v. Sarne Co., 278 F.Supp. 162 (S.D. N.Y.1967). In the last two decisions the

Court granted injunctive relief at the instance of the same plaintiffs with respect to copyrighted fabrics used in the manufacture of luggage, some copyrighted designs being the same as those at issue here.

■■ The copyrightability of plaintiffs' designs is established not only by their apparent originality and uniqueness (which need not be strikingly novel as long as the author's contribution is more than a trivial variation, Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1950)), but by the existence of certificates of registration which constitute *prima facie* evidence in the absence of contradictory proof (and none has been offered) of the existence of a valid copyright. 17 U.S.C.A. § 209. Flick-Reedy Corp. v. Hydro-Line Mfg. Co., 351 F.2d 546 (7th Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); Rohauer v. Friedman, 306 F.2d 933, 2 A.L.R.3d 1395 (9th Cir. 1962); Miller Studio, Inc. v. Pacific Import Co., 39 F.R.D. 62 (S.D.N.Y.1965).

■ The test for determining whether the design appearing on defendant's fabric luggage pieces is copied from plaintiffs' copyrighted designs is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966). "The copying need not be of every detail so long as the copy is substantially similar to the copyrighted work." Comptone v. Rayex Corp., 251 F.2d 487, 488 (2d Cir. 1958).

■ After careful comparison of each of defendant's luggage pieces with plaintiffs' copyrighted fabrics, the Court concludes that each of defendant's luggage pieces contains designs which are substantially similar to a copyrighted design owned by the plaintiffs. Although there are some minor differences with respect to the coloring and arrangement of some of the floral and abstract designs, the overall appearance leaves no doubt about the fact that to the ordinary observer the patterns, designs, shapes and colors, the arrangement of them, and the aesthetic appeal of both designs, are the same. In some instances the colorations and designs are virtually identical. In fact it would require close inspection for the average observer to be able to detect any disparities at all. Accordingly we conclude that plaintiffs' copyright has been infringed by defendant. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). See also A. J. Firstot, Inc. v. First American Natural Ferns Co., 251 F.Supp. 886 (S.D. N.Y.1966) and Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., 187 F.Supp. 334 (S.D.N.Y.1960).

■ Defendant's contention that plaintiffs should be denied relief for the reason that they are not in competition with the defendant ignores the nature of United's business, which is the sale of its copyrighted fabrics to manufacturers (including luggage manufacturers) for the very purpose of using the fabrics in the manufacture of finished products, including luggage of the type being manufactured for and being sold by the defendant. Nor is there any merit to defendant's assertion that relief should be denied on the grounds that the copyright notice was insufficient and that plaintiffs have failed to make a showing of irreparable injury. The markings on the selvage constituted adequate notice under § 10 of the Copyright Act. Peter Pan Fabrics v. Acadia Co., 173 F.Supp. 292, 305 (S.D.N.Y.1959), affd. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960); United Merchants and Manufacturers, Inc. v. Sutton, supra; United Merchants and Manufacturers, Inc. v. Sarne Co., supra. Having in mind that in a copyright infringement suit detailed proof of irreparable injury is unnecessary to justify preliminary injunctive relief, Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851, 852 n. 2 (2d Cir. 1967); Joshua Meier Co. v. Albany Novelty Co., 236 F.2d 144 (2d Cir. 1956), plaintiffs here have come forth with ample proof of such

injury. The very nature of the infringement makes it difficult to measure the damages caused to plaintiffs and necessitates the granting of equitable relief.

Plaintiffs' motion for preliminary injunction is granted on condition that plaintiffs furnish security in the sum of $5,000.

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a), F.R.C.P.

Settle order in accordance with Rule 65(d), F.R.C.P.