**HERBERT ROSENTHAL JEWELRY CORP., Plaintiff-Appellee,**

v.

Jerry J. GROSSBARDT and Stanley Schechter, co-partners, trading as Honora Jewelry Co., Defendants-Appellants.

**No. 707, Docket 34041.**

United States Court of Appeals, Second Circuit.

Argued April 23, 1970.

Decided June 17, 1970.

**552**

Charles Sonnenreich, New York City, for plaintiff-appellee.

Friedman & Goodman, Brooklyn, N. Y., Abraham Friedman, Abraham Good-man, Brooklyn, N. Y., of counsel, for defendants-appellants.

Before MOORE and SMITH, Circuit Judges, and WEINFELD, District Judge.[*]

EDWARD WEINFELD, District Judge.

█ █ At the outset, we dismiss the defendants' appeal from the denial of their motion for summary judgment as nonappealable;[1] similarly, we do not reach the appeal from the district court's refusal upon reargument to consider new matter after its original disposition.[2] Finding no abuse of discretion in the granting of the plaintiff's motion for a preliminary injunction, we affirm that order.

Plaintiff commenced this action, charging the defendants with copyright infringement. Defendants counterclaimed for a declaratory judgment of invalidity of the copyright and for damages based upon a claim of unfair competition. Both parties manufacture and market jewelry items. Their products are sold to retail jewelers. In April, 1967, plaintiff began selling and distributing a jewel-encrusted turtle pin which had stamped on it plaintiff's trademark and a copyright symbol. The item achieved commercial success and was purchased by leading jewelry stores throughout the United States. Depending upon the size of the pin and type of gem on the back of the turtle, it sold at prices from approximately $200 to $1,000 per item.

In December, 1967, plaintiff applied for and was granted a certificate of copyright registration. Plaintiff alleges it notified defendants in February, 1968 of its copyright and defendants themselves concede they knew of plaintiff's copyright prior to the first sale of their du-

---

[*] Of the Southern District of New York, sitting by designation.

1. See Goldstein v. Cox, 396 U.S. 471, 475, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970); Switzerland Cheese Ass'n v. Horne's Market, Inc., 385 U.S. 23, 24–25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); Chappell & Co. v. Frankel, 367 F.2d 197, 202–205 (2d Cir. 1966) (en banc).

2. Cf. Marconi Wireless Tel. Co. of America v. United States, 320 U.S. 1, 47–49, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943); Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623, 625 (2d Cir. 1962).

plicate pin. Nonetheless, commencing in May, 1968, they started to sell copies of the pin and continued to do so thereafter, even after plaintiff filed this suit. Plaintiff, in addition to allegations of infringement, also charges that the copies sold by the defendants were of inferior quality and workmanship. The defendants do not dispute they duplicated and sold a turtle pin basically identical to plaintiff's copyrighted work. They assert they did so on reliance upon their attorney's advice that for various reasons the plaintiff's pin was in the public domain and hence they and all other manufacturers were free to copy it.

In resisting plaintiff's motion for a preliminary injunction and in cross-moving for summary judgment dismissing the complaint, the defendants essentially contended: (1) that plaintiff had abandoned its copyright because a pin the defendants had acquired, which allegedly had been sold by the plaintiff, lacked a copyright notice; (2) that plaintiff had forfeited its copyright when, in filling an order for Tiffany & Co., it had stamped the Tiffany name over its copyright notice, thereby obscuring the notice; and (3) that the designer of the pin, and not the plaintiff, was the true proprietor of the design. The plaintiff denied these various contentions or submitted explanations to meet them. Both sides relied upon affidavits and extensive depositions that had been taken of the parties or witnesses.

The court granted the preliminary injunction requested by the plaintiff, which enjoined the defendants from manufac-turing or selling copies of the plaintiff's copyrighted pin, but denied the defendants' cross-motion for summary judgment, as well as plaintiff's motion for similar relief, holding that since material fact issues were in dispute, final resolution had to await a trial.

██ Upon a review of the record, we find no basis for disturbing the court's exercise of its discretion in favor of the preliminary injunction.[3] With the certificate of registration prima facie evidence of the facts contained therein,[4] and the admitted copying by defendants of plaintiff's pin after actual notice of the copyright, and absent convincing support for defendants' claims upon which they seek to defeat plaintiff's copyright, it cannot be said that the district court abused its discretion in granting the requested relief.[5]

█ (1) As to defendants' claim that they had acquired a pin which lacked a copyright notice, it is significant that defendants, although ordered to do so, consistently have refused to produce the pin or to reveal the source from which it had been obtained. The defendants relied upon a photograph of a pin without the copyright notice, but failed to establish that it was a pin sold by plaintiff, or if it was, that it had left plaintiff without the notice.[6] On the other hand, plaintiff has submitted substantial evidence of the careful inspection procedures followed to assure that none of its pins was distributed by it without the copyright notice. Here, plaintiff also relies upon the Copyright Act, 17 U.S.C., section 21, which protects a copyright in in-

3. *See* Alabama v. United States, 279 U.S. 229, 230–231, 49 S.Ct. 266, 73 L.Ed. 675 (1929); Prendergast v. New York Tel. Co., 262 U.S. 43, 50–51, 43 S.Ct. 466, 67 L.Ed. 853 (1923); Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 500 (2d Cir. 1962); Huber Baking Co. v. Stroehmann Bros., 208 F.2d 464, 467 (2d Cir. 1953).

4. 17 U.S.C. § 209.

5. Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., 409 F.2d 1315, 1316–1317 (2d Cir. 1969); Uneeda Doll Co. v. Gold-farb Novelty Co., 373 F.2d 851, 852–854 (2d Cir.), petition for cert. dismissed, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56 (1967); Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623, 624 (2d Cir. 1962); Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F.2d 144, 146–147 (2d Cir. 1956); Rushton v. Vitale, 218 F.2d 434, 436 (2d Cir. 1955).

6. See Gerlach-Barklow Co. v. Morris & Bendien, Inc., 23 F.2d 159, 162 (2d Cir. 1927).

stances of accidental or inadvertent omission of a copyright notice.[7] (2) As to the overstamped Tiffany pins, they were but five out of a total of approximately 300 pins sold by plaintiff, and its proof supported the claim that the obliteration of the copyright notice on the five was accidental and without intent to abandon the copyright. Again, plaintiff relies upon 17 U.S.C., section 21. (3) As to the claim that the designer was the proprietor of the design, plaintiff, with corroborative testimony from the designer himself, offered proof that the designer was commissioned as an independent contractor to create the pin for the plaintiff and that their arrangement contemplated that plaintiff was to own the copyright.[8] While it is true that defendants' position with respect to these items raised issues of material fact, the strength of plaintiff's evidence in support of its motion for preliminary injunctive relief warranted the court in granting it.

■ The defendants' contention that the simultaneous denial of plaintiff's cross-motion for summary judgment is inconsistent with the grant of the preliminary injunction is without merit. The court's acknowledgment that disputed issues of fact existed did not foreclose it from granting plaintiff's motion for preliminary relief. The issues on that application were distinct from those raised on the motion for summary judgment.[9] As this court has stated:[10]

'A denial of a plaintiff's motion for summary judgment does not finally deny the relief sought but only indicates that the district court has been uncertain enough of the complaint's merits to grant it at that time: the relief frequently will be granted at a later date when 'final judgment' is entered. If in a particular case a motion for summary judgment is, on the facts, denied, but there remains a need for relief during the pendency of the litigation, a preliminary injunction may nevertheless be obtained.

This was such a case.

■ Equally without substance is the defendants' claim that the preliminary injunction should not have been granted in the absence of an evidentiary hearing. The basic fact of continued copying of plaintiff's copyrighted article after notice was not denied. The only item as to which the defendants requested a hearing was with respect to the Tiffany markings and, when the issue was raised, the plaintiff admitted the stampings and offered its explanation. This obviated the need for a hearing. All other matters were fully explored by the parties in the affidavits and depositions submitted on the motion. In this circumstance there was no need for an evidential hearing, which would have added little, if anything, to what the parties had already presented to the court. This was no case such as SEC v. Frank,[11] where substantial and sharply disputed issues were raised as to fraud, knowledge and intent. Indeed, the court there pointed out that not every application for a preliminary

---

7. 17 U.S.C. § 21, in pertinent part, provides:

Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it * * *.

As this court observed, section 21 "is remedial and should be generously construed." National Comics Publications, Inc. v. Fawcett Publications, Inc., 191 F.2d 594, 601 (2d Cir. 1951).

8. See Brattleboro Publishing Co. v. Winmill Publishing Corp., 369 F.2d 565, 568 (2d Cir. 1966). See also Scherr v. Universal Match Corp., 417 F.2d 497, 500 (2d Cir. 1969).

9. Cf. Switzerland Cheese Ass'n v. Horne's Market, Inc., 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); American Visuals Corp. v. Holland, 261 F.2d 652, 654 (2d Cir. 1958).

10. Chappell & Co. v. Frankel, 367 F.2d 197, 203 (2d Cir. 1966) (en banc).

11. 388 F.2d 486 (2d Cir. 1968).

injunction required an evidentiary hearing, and that in many instances "[t]he taking of evidence would serve little purpose." [12] This case comes within that category.

Order affirmed. Costs to appellee.