**COVINGTON FABRICS CORP. and 5th Avenue Designs, Inc., Plaintiffs,**

v.

**ARTEL PRODUCTS, INC., Defendant.**

**No. 70 Civ. 4959.**

United States District Court,
S. D. New York.

Feb. 2, 1971.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs; Howard L. Jacobs, New York City, of counsel.

Harold W. Grubart, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

Plaintiffs seek a preliminary injunction pursuant to Rule 65, Fed.R.Civ.P., restraining defendant from infringing plaintiffs' copyright in a design pattern known as "Jessica."

Plaintiff Covington Fabrics Corp. (Covington) is a converter of fabrics, and 5th Avenue Designs, Inc. (5th Avenue), a wholly-owned subsidiary of Covington, purchased a paper design pattern known as "Jessica." The design was registered as a reproduction of a work of art (17 U.S.C. § 5(h) ), and the Copyright Office issued Copyright Class H, No. 37698, to 5th Avenue on December 11, 1968. 5th Avenue licensed Covington to reproduce the design on fabric.

Defendant is a manufacturer, importer and distributor of home furnishing products, including textile products.

In May 1969, plaintiffs sold a sample of the "Jessica" pattern to defendant, and later defendant bought over 2,700 yards in three color combinations. Defendant's last purchase of the "Jessica" pattern from Covington was in December 1969. In February 1970, defendant began marketing its products containing the fabric design now in dispute.

Defendant claims that the copyright of the "Jessica" pattern is invalid because the design is not original and that, in any case, defendant's design does not infringe because it is not substantially similar to the design secured by plaintiffs' copyright. Defendant argues that plaintiffs are not entitled to a preliminary injunction because they have failed to demonstrate probable success on the

merits, failed to show irreparable harm and are barred by laches.

■ Defendant's first claim is that the copyright of the "Jessica" pattern is invalid because the design is not original. Plaintiffs' certificate of registration is prima facie evidence of the validity of the copyright, and defendant has the burden of overcoming this presumption of validity. 17 U.S.C. § 209; Flick-Reedy Corp. v. Hydro-Line Mfg. Co., 351 F.2d 546, 549 (7th Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); United Merchants and Mfrs., Inc. v. K. Gimbel Accessories, Inc., 294 F.Supp. 151 (S.D. N.Y.1968). The requirement of originality in the copyright statute is little more than a prohibition against copying. Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1951). Material need not be strikingly unique or novel to be copyrightable. All that is necessary is that the author do something on his own which is more than a trivial variation. Peter Pan Fabrics, Inc. v. Dan River Mills, Inc., 295 F.Supp. 1366 (S. D.N.Y.), aff'd, 415 F.2d 1007 (2d Cir. 1969).

■ Floral designs are copyrightable, and the configuration of the design, including such detail as petals and leaves, often requires "an appreciable amount of creative skill and judgment." Thomas Wilson & Co. v. Irving J. Dorfman Co., 433 F.2d 409, 411 (2d Cir. 1970). In any event, only a "faint trace" of originality is required for a valid copyright. *Id.*

■ Defendant relies on the affidavit of its "expert" and his bare conclusion that plaintiffs' design is not original to overcome the presumption of validity. In substance, defendant's "expert" concludes that plaintiffs' design is a common pattern consisting of floral designs standard in the industry and asserts that the design is neither original, creative nor unique. Defendant's "expert" fails to comment on the design in terms of the very modest degree of originality sufficient for a valid copyright. Peter

Pan Fabrics, Inc. v. Dan River Mills, Inc., *supra.* Nor does defendant offer any proof that plaintiffs' design was either copied or in the public domain. See United Merchants and Mfrs., Inc. v. Sutton, 282 F.Supp. 588, 591 (S.D.N.Y. 1967). In the absence of such proof, defendant has failed to overcome the presumption that the copyright is valid.

Defendant next contends that, even if plaintiffs' copyright is valid, there are substantial differences between its design and plaintiffs and that, therefore, its design is not a copy of plaintiffs'.

"The ultimate test in a copyright infringement case of this sort is whether an average lay observer would find a substantial similarity in the designs, recognizing the copy as an appropriation of the copyrighted work." Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., 409 F.2d 1315, 1316 (2d Cir. 1969) (per curiam); Ideal Toy Corp. v. Fab-Lu Ltd. (Inc.), 360 F.2d 1021 (2d Cir. 1966). "The copying need not be of every detail so long as it is substantially similar to the copyrighted work." Comptone Company v. Rayex Corporation, 251 F.2d 487, 488 (2d Cir. 1958) (per curiam); United Merchants and Mfrs., Inc. v. K. Gimbel Accessories, Inc., *supra.*

■ Both plaintiffs' and defendant's fabric have a floral and leaf design printed on a white background. Although there are some minor differences with respect to the shape of some petals and the placement of some flowers and leaves within the arrangement, in many portions of the design they are virtually identical. We think that due to the shapes and sizes of the flowers and leaves, their arrangement within the pattern and the overall appearance, the average observer would probably find the designs substantially similar.

In our view, therefore, plaintiffs will be able to show both validity and infringement of their copyright upon the trial and thus have established probable success on the merits. Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., *su-*

*pra.* "An injunction pending the outcome of trial in such a case should issue if plaintiff can show a reasonable probability of prevailing on the merits." Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., *supra*, 409 F.2d at 1317.

■ Detailed proof of irreparable injury is not necessary in a copyright infringement case. "A copyright holder in the ordinary case may be presumed to suffer irreparable harm when his right to exclusive use of the copyrighted material is invaded." American Metropolitan Ent. of N. Y. v. Warner Bros. Records, Inc., 389 F.2d 903, 905 (2d Cir. 1968).

In addition to the harm presumed in such cases, plaintiff Covington claims to be a "style leader" in the converting business and asserts that unauthorized use of its design by a former customer will result in loss of sales to present customers and loss of good will.

Defendant also contends that since plaintiffs failed to protest the sale of this fabric for several months, they are now barred from equitable relief by laches. Defendant first sold the offending pattern in February 1970, and it was not until September 1970 that plaintiffs even protested.

■ Plaintiffs, of course, must use due diligence in applying for a preliminary injunction, Veterans of Foreign Wars of United States v. Durable Outfitters, Inc., 88 F.Supp. 731 (S.D.N.Y. 1949), but there is no evidence whatever that plaintiffs were aware of defendant's sales until September. While defendant may have advertised products containing this fabric in major newspapers, it is not clear that the design could be identified from those advertisements.

Thus, there is no showing that plaintiffs either knew, or are chargeable with knowledge, of defendant's infringement. Absent such knowledge, it cannot be said that plaintiffs slept on their rights. Unlike the cases cited by defendant, therefore, we find no evidence here of any undue delay by plaintiffs.

Accordingly, plaintiffs' motion for a preliminary injunction is granted on condition that plaintiffs furnish security in the sum of $2,500.00.

The foregoing constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

Settle order on notice within ten (10) days.