**HERBERT ROSENTHAL JEWELRY CORP., Plaintiff,**

v.

**ZALE CORPORATION and Lambert Bros. Jewelers, Inc., Defendants.**

**No. 68 Civ. 5025.**

United States District Court,
S. D. New York.

Feb. 22, 1971.

**1236**

Charles Sonnenreich, New York City, for plaintiff.

Friedman & Goodman, Brooklyn, N. Y., for defendants.

MANSFIELD, District Judge.

In this suit by Herbert Rosenthal Jewelry Corp. ("Rosenthal"), a manufacturer and retailer of jewelry, against Zale Corp. ("Zale") and its parent Lambert Brothers Jewelers, Inc. ("Lambert"), jewelry retailers, charging infringement of two of plaintiff's copyrighted designs for pieces of jewelry, plaintiff has moved for summary judgment or, in the alternative, for a preliminary injunction. The first copyrighted design[1] covers a jeweled pin shaped like a bee; the second copyrighted design,[2] covers a jeweled pin shaped like a turtle.

Defendants were supplied both pins by the same manufacturer, J. Grossbardt and Stanley Schechter, co-partners trad-

ing as Honora Jewelry Co. ("Honora"), against whom plaintiff has already obtained a permanent injunction and judgment entitling it to recover damages for manufacture of the bee pin, Herbert Rosenthal Jewelry Corp. v. Grossbardt, 67 Civ. 4674 (S.D.N.Y. Jan. 6, 1970) (Palmieri, J.), affd., 436 F.2d 315 (2d Cir. 1970), and a preliminary injunction against manufacture of the turtle pin, Herbert Rosenthal Jewelry Corp. v. Grossbardt, 68 Civ. 4154 (S.D.N.Y. June 3, 1969) (Metzner, J.), affd., 428 F.2d 551 (2d Cir. 1970).

As part of the consideration for defendants' purchase of the jewelry, Honora promised that its attorneys would defend Zale for copyright infringement and to indemnify Zale should damages be awarded. See affidavit of Abe I. Fliegel, Vice President of Zale, at p. 2. Plaintiff here contends that this indemnity agreement, when coupled with the allegation that the issues posed here are identical to those decided in the earlier litigation against Honora, shows that Zale is in privity with Honora and therefore should be bound by the earlier judgments on the grounds of *res judicata*. The concept of privity, however, is a conclusory term that requires development of facts as to the exact relationships in order to be meaningful. See Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir.) (concurring opinion), cert. denied, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). The cases cited by plaintiff suggest that it finds privity in the representation by Honora of the interest of the defendants of this litigation.[3]

Although an agreement to represent and indemnify can be a basis for *res judicata*, Switzer Brothers, Inc. v. Chicago Cardboard Co., 252 F.2d 407, 411–412 (7th Cir. 1958); Jones v. Craig, 212 F.2d 187 (6th Cir. 1954) (per curiam), the present case does not fall with-

---

1. Registration No. Gp 49836, corrected Registration No. Gp 58604.

2. Registration No. Gp 56652.

3. Defendants in this case have substituted different counsel since this action has commenced. But we will assume for purposes of this motion that the same counsel that defended Honora earlier, and that at first represented defendants in this suit, had not been substituted.

in that factual arrangement. Privity exists between two defendants in different lawsuits when the defendant in the *second* litigation represents and agrees to indemnify the defendant in the first litigation. A judgment against the first defendant binds the second defendant in the later case because the second defendant has reasonable notice of the claim and opportunity to oppose the claim by representing the first defendant. 1B Moore, Federal Practice ¶0.411 [1] at 1252 (2d ed. 1965). Hence had Rosenthal sued Zale first, and had Honora defended Zale and been prepared to indemnify as to damages assessed against Zale, then Rosenthal could successfully assert *res judicata* against Honora in the later lawsuit. Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 486–487, 30 S. Ct. 608, 54 L.Ed. 846 (1910). In this case, however, Rosenthal first sued Honora. This distinction is more than conceptual. In the present suit, Zale swears—and plaintiff does not deny—that neither of the present defendants was a party to, or in any manner was involved in, the previous lawsuits. Fliegel Aff. at pp. 1–2. If Zale loses this suit, it would be liable to plaintiff. Though Zale would have an indemnity claim against Honora, if Honora would refuse to pay the claim (because of insufficient assets, or for whatever reason) Zale would still be liable to plaintiff. To bind Zale and Lambert because of the judgment against Honora, regardless of the connections between Honora and the present defendants, would strip Zale and Lambert of the opportunity to contest the cause of action.[4] *Res judicata* is, therefore, inapplicable.

So also is collateral estoppel. Ordinarily, the concept refers to a second litigation between the same parties or their privies involving a different cause of action but some identical factual issues. Any factual issues actually decided in the first suit that are common to both cases are foreclosed by the first judgment from being relitigated in the second action. Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S. Ct. 865, 99 L.Ed. 1122 (1955). However, even though the application of collateral estoppel has been extended to cover those who are parties to the second, but not the first, action, this applies only where the first decision is invoked against one who was a party to the first action. It does not apply here where the party invoking the decision in the first case won, and wishes to use it against those who were not represented in the first litigation. Zdanok v. Glidden Co., 327 F.2d 944 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

Summary judgment is therefore denied.

In the alternative plaintiff seeks a preliminary injunction restraining defendants from selling the turtle and bee pins. Upon an application for such relief plaintiff usually must show probability of ultimate success on the merits, irreparable injury, and that the balance of hardships tips in his favor. Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969); Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851 (2d Cir.), cert. denied, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed. 2d 56 (1967); Beechwood Music Corp. v. Vee Jay Records, Inc., 328 F.2d 728 (2d Cir. 1964) (per curiam). In copyright cases, however, plaintiff need only make a prima facie showing of his ownership of the copyright, defendant's infringement of it, and some proof of irreparable harm, but in less detail than is ordinarily required. Meier v. Albany Novelty Co., 236 F.2d 144 (2d Cir. 1956); Rushton v. Vitale, 218 F.2d 434, 436 (2d Cir. 1955); Uneeda Doll Co. v. Goldfarb, *supra*; United Merchants & Mfrs., Inc. v. K. Gimbel Accessories, Inc., 294 F.Supp. 151 (S.D.N.Y.1968).

---

4. Even if Honora participates in this lawsuit, that would not cause *res judicata* to be applied against Zale. The crucial fact is that Zale is not participating in the suit brought against Honora.

■ A lawfully issued certificate of registration ordinarily suffices to prove the validity of the copyright and plaintiff's ownership of it, if otherwise unchallenged. United Merchants & Mfrs., Inc. v. Sarne Co., 278 F.Supp. 162, 164 (S.D.N.Y.1967). In granting judgment for Rosenthal against Honora, Judge Palmieri found that plaintiff owned the "bee" copyright and that Honora had infringed it. Although Honora challenged those findings and sought a new trial based on newly discovered evidence regarding the prior art, a copy of which was furnished to us, Judge Palmieri dismissed that request, and his decision, with which we agree, has been affirmed on appeal. Herbert Rosenthal Jewelry Corp. v. Grossbardt, 436 F.2d 315 (2d Cir. 1970). After reviewing the affidavits of Stanley Schechter dated April 8, 1970, Charles Sonnenreich dated May 5, 1970, and the other papers, including those submitted to Judge Palmieri as "newly discovered evidence," we find that plaintiff has made a sufficient showing of the copyrightability of the subject matter and of its sole ownership of a valid copyright to the bee design.

Also settled is proof by plaintiff of ownership of a valid "turtle" copyright. Judge Metzner, in granting a preliminary injunction against Honora, found the weight of the affidavit evidence preponderated in favor of plaintiff, see 68 Civ. 4154 (S.D.N.Y. June 3, 1969), opinion at p. 5, and his decision has also been affirmed on appeal. Herbert Rosenthal Jewelry Corp. v. Grossbardt, 428 F.2d 551 (2d Cir. 1970).

■ Copyright infringement is shown by establishing that the similarity between the products would lead "an average lay observer * * * [to] recognize the alleged copy as having been appropriated from the copyrighted work." Ideal Toy Corp. v. Fab-Lu, Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966); United Merchants & Mfrs., Inc. v. Sarne Company, 278 F.Supp. 162, 164 (S.D.N.Y.1967). The average lay observer has been described as one who "was not attempting to discover disparities [between the products]," United Merchants & Mfrs. v. Sutton, 282 F.Supp. 588, 590 (S.D. N.Y.1967) (Tenney, J.).

In our view a comparison of the bees and turtle manufactured by plaintiff and those sold by defendants (and manufactured by Honora) would convince the average layman that they were the same. In fact, in the earlier action Honora admitted that it had copied the bee design and, although that admission does not bind defendants here, it is relevant to the issue of similarity.

■ Finally we find that plaintiff has made a sufficient showing of irreparable harm, which in a copyright suit, need not be elaborate in detail, Uneeda Doll Co. v. Goldfarb Novelty Co., *supra;* Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960). Defendants' activities, if continued, could adversely affect plaintiff's market position as a competitor. This is sufficient. United Merchants & Mfrs. v. Sutton, *supra;* United Merchants & Mfrs. v. K. Gimbel Accessories, Inc., *supra;* cf. Henry Holt & Co., to Use of Felderman v. Liggett & Myers Tobacco Co., 23 F.Supp. 302 (E.D.Pa.1938).

Accordingly, we deny plaintiff's motion for summary judgment, and grant its motion for a preliminary injunction.

The foregoing shall constitute our findings of fact and conclusions of law in accordance with Rule 52(a), F.R.Civ.P.

It is so ordered.