**UNIVERSAL ATHLETIC SALES COMPANY**

v.

**Larry SALKELD et al.**

**Civ. A. No. 71–1113.**

United States District Court,
W. D. Pennsylvania.

April 13, 1972.

Robert D. Yeager, Pittsburgh, Pa., Lewis M. Dalgarn, Los Angeles, Cal., for plaintiff.

Thomas H. Murray, Pittsburgh, Pa., for defendants.

## OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION

KNOX, District Judge.

This is an action for copyright infringement claiming that the defendants have copied and are using for commercial purposes certain wall charts and coaches' training manuals copyrighted by plaintiff illustrating the use of plaintiff's gymnasium exercising equipment. There is a companion case pending in this court involving patent infringement and unfair competition in connection with the manufacture and sale of equipment at Civil Action No. 71–166. Plaintiff has filed a Motion for Preliminary Injunction to restrain defendants from use of the allegedly pirated wall charts and training manuals pending final determination of the litigation.

Attached to the motion was a comprehensive appendix with affidavits, comparison charts, excerpts from depositions and copies of the defendants' bro-

chures. The matter was fixed for hearing and argument before the undersigned on March 22, 1972. Defendants filed no answer to the allegations of the motion although they did file a brief with respect to the matter and have since filed an affidavit by defendant Salkeld. Neither plaintiff nor defendants presented any evidence at the time of the hearing. While defendants in their answer to the complaint denied that the copyrights claimed by the plaintiff were in existence, no evidence to support this allegation has been produced and from the brief it appears that defendants are apparently trying to contend that the copyright covers material which is not original.

There appears to be no question that plaintiff possesses copyrights covering this material being Copyright No. A251677 publication dated July 30, 1969, Copyright No. A252280 publication dated July 30, 1970, and Copyright A139968 publication dated February 15, 1970, covering the training manual.

■ In passing upon a motion for preliminary injunction in such a case, we are to consider the following factors:

(1) Ownership of copyright.

(2) Copying of the copyright material by the defendants which in turn leads to two inquiries:

(a) Is there substantial similarity?

(b) Did the defendant have access to the material?

(3) Likelihood of plaintiff's success on the merits—has plaintiff made out a prima facie case for relief?

(4) Irreparable injuries to the plaintiff if preliminary injunction is not issued.

(5) Comparative hardship to the defendant resulting from the issuance of the preliminary injunction. See McGraw-Hill, Inc. v. Worth Publishers Inc., 335 F.Supp. 415 (S.D.N.Y.1971) cited by defendants in their brief.

■ (1) Ownership of the copyright. No evidence has been introduced to combat the prima facie evidence of ownership of these copyrights in the plain-

tiff. While defendants claim that there was a prior wall chart of Marcy Gymnasium Equipment Company dated January 1970, there has been no evidence of this and as plaintiff points out the date of publication in the first copyright No. A251677 is July 30, 1969.

■ Copying by defendants.

■ (a) Substantial similarity. The court has carefully studied the figures on the wall charts in plaintiff's copyrighted work and the figures contained in defendants' wall charts. The test to be applied is whether there is substantial similarity between the two works and whether "an average lay observer would find a substantial similarity in the designs recognizing the copy as an appropriation of the copyrighted work". Concord Fabrics Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315 (2d Cir. 1969). There the court further said:

"While there are some differences in both the color and design of the two patterns, we think that the average observer would probably find them substantially similar. In our view the plaintiff is likely to succeed after trial. It seems clear to us that in its discretion, the district court should have granted a preliminary injunction."

■ Viewing the charts from this standpoint, we readily agree with plaintiff that much of defendants' work was copied from plaintiff's copyrighted work and many of the figures are obviously a mirror image of plaintiff's figures. Many of the figures on each chart are in the same position but where plaintiff's figure faces to the right, the corresponding figure in defendants' chart faces to the left. While this might reduce the chance of obvious similarity being apparent at a first glance and therefore this method may have been used for this purpose, nevertheless a study of the figures convinces us that there is substantial similarity. Other similarities are pointed out in plaintiff's brief on page 7 and the court finds them to be true. We particularly note the positions of the various arms and legs where the exerciser is not at the moment using that member and the position is immaterial. Such examples are the left leg in figures 3F (plaintiff's work) and 3f (defendant's work); also the position of the left arm in 5J and 5j; again the position of the left arm in the shotput exercise 5V and 5v. In row 9, the figures are all similar and so is the framelike structure shown in line 12. Another obvious example is the position of the right arm in 5N as compared with 5n. There are also substantial similarities in the coaches' manual.

■ (b) Access. If defendants had had no access to plaintiff's work, the argument of "mere coincidence" might be used. While defendants in their affidavit do deny actual copying nevertheless the Isenburg and Peters affidavits submitted with the motion demonstrate that Salkeld did see these wall charts and they were last seen when he was looking at them and thereafter could not be found. In Salkeld's depositions at page 260, he admits seeing copies of the coaches' manual at Hampton Highschool. At page 262, he admits seeing the coaches' manual and at page 263 he says "they sent them in to us (referring to friends in the coaching field) and it is very obvious that this was given to us by someone." At pages 418–422, he admits giving the sketches for the figures to the artist admitting he gave the artist stick sketches with stick figures. A reasonable opportunity to view the copyrighted work is regarded as access in itself. Blazon Inc. v. Deluxe Game Corp., 268 F.Supp. 416 (S.D.N.Y.1965).

■ (3) Likelihood of success on the merits. The court concludes that plaintiff has made out a prima facie case for relief and is likely to succeed on the merits. We must remember that a copyright gives protection to expression of an idea not the idea itself. A copyright protects originality rather than novelty or invention and confers the sole right of multiplying copies". The copyright law is "intended definitely to grant valuable, enforceable rights to authors, publishers, etc., without burdensome re-

quirements". Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954).

■ Where copyright materials are used in substantial quantity, no detailed showing of irreparable harm is needed. Even if parts of the work are original this does not allow the defendants to incorporate copyrighted materials belonging to the plaintiff. Douglas International Corp. v. Baker, 335 F.Supp. 282 (S.D. N.Y.1971).

■ (4) Irreparable harm to plaintiff. The evidence of irreparable harm to plaintiff is not strong and this problem has given us some trouble. The weight of authority, particularly in the Southern District of New York, which apparently has a large mass of copyright litigation, is that where there is a prima facie case of infringement there need not be a detailed showing of irreparable harm. See Douglas International Corp., supra; Rice v. American Program Bureau, 335 F.Supp. 124 (S.D. N.Y.1971); Herbert Rosenthal Jewelry Corp. v. Zale Corp., 323 F.Supp. 1234 (S.D.N.Y.1971). The latter case holds that the fact that defendants' activities if continued could adversely affect plaintiff's position as a competitor justifies a preliminary injunction and that less proof is required in a copyright case than in the ordinary case of preliminary injunction. As a matter of fact, the Second Circuit in Concord Fabrics Inc., supra, simply said that: "an injunction pending the outcome of trial in such a case should issue if plaintiff can show a reasonable probability of prevailing on the merits."

In the instant case, aside from the claimed possibility of defendant's insolvency or transfer of assets, the evidence indicates that these exercise machines are of such a nature as to require wall charts and manuals for their proper use although it is obvious that the machines could be used without such materials.

We have given close attention to the case of Kontes Glass Co. v. Lab Glass Inc., 373 F.2d 219 (3d Cir. 1967—opinion by Judge Freedman). In that case the court held that the plaintiff had made no showing of irreparable injury which is an essential prerequisite to a preliminary injunction. The court also held however that there was no reasonable likelihood that plaintiff would succeed on the merits. In the instant case we conclude that plaintiff has a strong likelihood of succeeding on the merits and there has been some showing of irreparable harm. We conclude that Kontes Glass, supra, did not intend to establish a rule that in copyright cases irreparable harm must be shown with the same detail as in other cases *if there is* a strong likelihood of plaintiff's success on the merits. Kontes does not specify the strength of showing of irreparable harm.

■ (5) Hardship to defendants. Defendants have shown no particular hardship to them which might result from a preliminary injunction. While paragraph 23 of defendants' brochure (tab 10 of plaintiff's appendix to motion for preliminary injunction) does state that exercise wall charts and coaches' training material are supplied at no additional charge nevertheless Salkeld's affidavit page 3 paragraph 6 indicates he will not be substantially interfered with:

"Prior to the time that I attempted to sell gym training machines with a wall chart in the early part of 1971, I had sold, either personally or through corporations with which I was associated, at least 400 gym training machines in competition with the plaintiff, which machines were sold without a wall chart. This, in my opinion, indicates that the wall chart, while perhaps desirable, is a minor factor in inducing customers to purchase gym training machines."

For the above reasons, we conclude that all the requirements for a preliminary injunction have been met. This memorandum of decision shall be considered as containing the findings of fact and conclusions of law by the court and the reasons for the issuance of a preliminary injunction as required by Rule 65(d) and Rule 52(a). An appropriate order will be entered.