## RANKIN v. IRON CITY SAND & GRAVEL CORPORATION.

### No. 97.

District Court, W. D. Pennsylvania.

April 14, 1947.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

James J. Burns, Jr., of Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

Peter Paul Rankin, libellant, was employed as a seaman by the respondent on a vessel operated by it on navigable waters and while so employed, was injured, September 15, 1944. As a result of his injury, he lost a portion of his right leg. He has been disabled from the date of the accident to the time of trial so that he could not perform the work he usually performed as a seaman. He has been in need of maintenance during said time. He brought an action against his employer in the Court of Common Pleas of Allegheny County, Pennsylvania to recover damages under the Jones Act, 46 U.S.C.A. § 688. A verdict in the sum of $10,000 was awarded to him. An appeal was taken from the judgment of said Court to the Supreme Court of Pennsylvania, 52 A.2d 455. He brought this action under the General Admiralty and Maritime Laws to recover maintenance and cure. At the trial he waived the right to recover for cure.

Respondent contends that by reason of the case pending in the Court of Common Pleas of Allegheny County and now by appeal in the Supreme Court of Pennsylvania, that libellant should not be permitted to recover, relying on the general principles applicable to res adjudicata. As there is no final judgment at the present time in said case, it is doubtful whether said principles of law are applicable. However, if a final judgment was entered, it would not be res adjudicata of the present case.

This case is ruled in principle, by the case of Jones v. Waterman S. S. Corporation, (Reading Company, Third Party Defendant), 3 Cir., 155 F.2d 992, in which the opinion was written by C. J. Biggs, who carefully considered and stated the rules of law applicable to that case, which, I believe, are applicable to this case.

In that case, Jones, a seaman employed by the Waterman S. S. Corporation, brought suit against his employer to recover maintenance, cure and wages by reason of an injury which he received while on shore leave, on a pier of the Reading Co. Jones also brought an action against the Reading Company under the Jones Act and recovered a verdict in his favor. The Court granted a new trial in the action against Reading Co. After the granting thereof, Jones made a settlement in full with the Reading Company and procured a release discharging said Company from all claims and demands whatsoever arising from said accident.

Jones' employer, the Waterman Company, in his action against it, filed a motion to dismiss on the ground that it was not liable for maintenance and cure for the injury occurring on a pier. This motion was granted by the Court below but was reversed on appeal to the Circuit Court of Appeals for the Third Circuit 130 F.2d 797. The decision of the Circuit Court of Appeals was affirmed by the Supreme Court, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107. After remand Waterman filed an answer setting out the release which Jones had executed to Reading Company.

It appeared that Jones, in his action against the Reading Co., "sought to recover both compensation and consequential

damages, the latter including, as the evidence shows, substantially all the items recoverable by Jones as maintenance and cure and wages."

In the action in the Court below to recover maintenance and cure against Waterman, judgment was entered in favor of Waterman on the ground that to enable Jones to recover would permit "two satisfactions for the one injury by resort to two different causes of action." Appeal was then taken from this judgment to the Third Circuit Court of Appeals. The judgment in favor of Waterman was reversed. The Court, in its opinion stated [155 F.2d 995]:

"If a seaman falls sick or is injured and must be removed or is kept from his vessel he is entitled to maintenance and cure as well as to his wages. Smith v. Lykes Brothers-Ripley S.S. Co., 5 Cir., 105 F.2d 604, 605. Wages, even if they include 'keep', must be restricted to the term of employment as specified by the shipping articles while the duty to provide maintenance and cure lasts as long as the seaman's need continues. Calmar Steamship Corporation v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, [1105], 85 L.Ed. 1535. Jones has a cause of action against Waterman for maintenance and cure and for his wages as set out in his complaint in the suit at bar. This is an action ex contractu. Jones may maintain it by reason of the obligations and duties imposed on Waterman by the shipping articles and by virtue of his status as a member of the crew of the 'Beauregard'. Jones also had a cause of action against Reading sounding in tort and arising ex delicto by reason of Reading's alleged failure properly to maintain its right-of-way. Jones was careful to restrict his complaint in the case at bar to a claim for 'wages to the end of the articles and maintenance and cure for the period of his disability * * *'. He does not seek to recover damages from Waterman.

"The distinction between the right to maintenance and cure and wages and the right to damages is made clear by the Supreme Court in Pacific Steamship Co. v.

Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220, wherein Mr. Justice Sanford stated, 'In short, the right to maintenance, cure and wages, implied in the law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative.' See also Aguilar v. Standard Oil Co., supra, 318 U.S. [724,] at pages 730, 731, 63 S.Ct. 930, 87 L.Ed. 1107. Jones could not have recovered maintenance and cure and wages from Reading, nor may he recover damages from Waterman. It follows that Waterman and Reading were not joint tortfeasors. In fact, Waterman committed no tort. It is not alleged that it did. Under no theory of law can Jones' release to Reading release Waterman. * * *

"Jones has settled his cause of action against Reading but he is free to assert and to recover on his ex contractu cause of action against Waterman. He would be free to do this even if he had obtained a judgment against Reading and had executed it. * * *

"* * * We entertain no doubt in the light of such decisions as McCarron v. Dominion Atlantic Railway Company, D.C. 134 F. 762, and Enochasson v. Freeport Sulphur Co., D.C. 7 F.2d 674, that Waterman's obligation to pay Jones' wages endured as long as the period for which he claims maintenance and cure. Since this was the fact the District Court at No. 1480 could not have permitted Jones to recover from Reading damages based upon maintenance and cure and wages. Jones was entitled to recover in the suit at No. 1480 only compensatory damages including an amount to be awarded for pain and suffering. Since Jones was not entitled to recover damages for maintenance and cure and wages in the suit at No. 1480, all other considerations aside, these elements may not be deemed to have been included in the settlement of the suit at No. 1480."

If the judgment in the above action, or the release procured, would not prevent the seaman injured from recovering maintenance and cure from his employer under the General Admiralty and Maritime

Laws, it follows that the libellant in this case is not precluded by any judgment recovered in the Common Pleas action, for the reason that such recovery could not include maintenance. Libellant is entitled to recover for maintenance from the date of injury to the date of trial at the rate stipulated.

Let an order for judgment be prepared and submitted in accordance with the Findings of Fact, Conclusions of Law and this Opinion.

The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Libellant, Peter Paul Rankin, is a citizen and resident of the City of Pittsburgh, Allegheny County, Pennsylvania.

2. Respondent, Iron City Sand and Gravel Corporation, is a corporation engaged inter alia in the mining and transportation of sand and gravel upon the Ohio and Monongahela Rivers, and has an office for the transaction of business within the jurisdiction of this Court.

3. This Court has jurisdiction over the parties and subject matter of this suit under and by virtue of its general admiralty jurisdiction in maritime actions, under the Constitution and Laws of the United States.

4. This action is a libel under General Admiralty and Maritime Laws to recover maintenance by a seaman injured in the course of his employment.

5. Libellant on September 15, 1944 and for some time prior thereto, was employed by respondent as a seaman in the capacity of watchman and deck-hand on the motor vessel "Prosperity", which was owned and operated by respondent in navigation on the said rivers, which are navigable waters of the United States, and said libellant was a member of the crew of said vessel.

6. On the evening of September 15, 1944, the said motor vessel "Prosperity", owned and operated by the respondent, was in operation upon the Monongahela River, proceeding downstream, having in tow two barges upon the front end and a barge upon the side; the destination of said vessel and barges being Rochester, Pennsylvania. When the said vessel had reached a point near the Point Bridge, Pittsburgh, Pennsylvania, the said vessel was then steered toward the side of the said Monongahela River, it being the intention to make a landing at the harbor landing of the Pittsburgh Coal Company, located beyond said Point Bridge, on the southern side of the Ohio River, which joins with the said Monongahela River at the said Point Bridge. As the said boat and barges approached the said landing, the libellant, acting under the orders of the Captain of the said vessel, was located upon the front part of one of the front barges for the purpose of manipulating a rope to anchor the said barge to the said landing.

7. Libellant was on the port side of the forward line deck of Barge No. 223 having caught a line on timber head of Pittsburgh Coal Company Barge at landing and was securing a line on the timber head of Barge No. 223 when he in some manner wound it around his leg resulting in an injury to his right leg.

8. As a result of the injury which libellant sustained on the barge as aforesaid, he suffered a traumatic amputation of the middle third of the right leg.

9. Libellant was in the U. S. Marine Hospital in Pittsburgh, Pennsylvania from the date of the injury, September 15, 1944 to May 22, 1945 and also from June 5, 1945 to June 22, 1945 and from Nov. 27, 1945 to Dec. 3, 1945; a total of 272 days.

10. Libellant was fitted with an artificial leg which he still uses.

11. Libellant, by reason of the aforesaid injury, was disabled from performing his accustomed work on river vessels and barges from the time of his injury up to the time of trial, April 1, 1947. His need to maintenance continued during said time.

12. Libellant recovered a verdict for $10,000 in a civil action for damages because of respondent's negligence under the Jones Act, 46 U.S.C.A. § 688, in the Common Pleas Court of Allegheny County, Pennsylvania at 1790 July Term, 1945. The case is pending in the State Supreme Court on defendant's appeal.

13. The parties stipulated that $3.50 per day is a fair and reasonable amount for Libellant's maintenance.

Conclusions of Law

1. Libellant was injured while in the service of the respondent and on a vessel owned by it and while he was employed and acting as seaman.

2. The action pending in the Court of Common Pleas of Allegheny County, and now on appeal in the Supreme Court of Pennsylvania, in which the libellant is plaintiff and the respondent is defendant, is not res adjudicata as to libellant's right to maintenance.

3. Libellant is entitled to maintenance, (the right to cure having been waived) at the rate of $3.50 per day from the date of his injury, September 15, 1944 to the date of trial, April 1, 1947, at the rate of $3.50 per day, less the time he has been in the Marine Hospital.