**Esther Mae SCOTT, Plaintiff,**

v.

**PARAMOUNT PICTURES CORPORATION et al., Defendants.**

**Civ. A. No. 76–1299.**

United States District Court,
District of Columbia.

April 27, 1978.

Landon G. Dowdey, Washington, D. C., for plaintiff.

Barry J. Israel, James T. Stovall, III, Washington, D. C., for defendants.

### MEMORANDUM ORDER OF DISMISSAL

BARRINGTON D. PARKER, District Judge:

Esther Mae Scott claims that the defendants infringed upon her common law copyright interest in a song entitled "Keep A Goin'" and otherwise engaged in unfair trade practices and competition against her. She alleges in her complaint that the defendants Paramount Pictures, American Broadcasting Company and ABC Records, Inc. published, sold and marketed the motion picture and soundtrack recording of the film "Nashville" containing a song which imitated and was copied largely from the song of the same title. Plaintiff asserts that she wrote and was the sole proprietor of the song.

The defendants have moved for summary judgment contending that their song was independently created; that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Alternatively, they move to dismiss the complaint for failure to join indispensable parties.

The Court has reviewed the depositions of the plaintiff and other witnesses, the various affidavits and exhibits, the supporting legal memoranda and considered the argument of counsel and concludes that the defendants are entitled to the requested relief and the complaint should be dismissed.

### I

The underlying material facts are not disputed. The original poem, "Keep A Goin'," was authored by Frank L. Stanton in the late 1800s. Since then it has long been in the public domain, has appeared in at least two anthologies, enjoyed wide circulation and publication and has been put to use by several songwriters. As early as 1930 plaintiff owned a 1926 edition of an anthology of poems * in which the Stanton poem appeared. In either January or February, 1971, she developed the lyrics to her version of the song from that poem. This was never in written form. Later, during that year, she developed the music for the song. Plaintiff's first public performance of her song version was a television appearance at a college in the state of Virginia for which she was paid and signed a release. She subsequently made similar appearances in other parts of Virginia, Maryland and West Virginia. She again was paid and on occasion she signed releases. Plaintiff never made a tape or recording of her song version for commercial purposes. She never applied for or obtained a registration of her song under the copyright laws.

By at least 1964, Henry Gibson had acquired a 1958 edition of the same anthology of poems owned by Mrs. Scott. The Stanton poem appeared in his later edition. In 1963, he recited the poem before a national television audience. He developed from that poem the lyrics for the song "Keep A Goin'" used in the movie "Nashville;" later, he and Richard Baskin collaborated and composed the musical version of "Keep A Goin'" for that movie and the soundtrack.

There is no showing in this proceeding by way of depositions, affidavits, or other sources that Gibson or Baskin had any knowledge of plaintiff's version of the song. The undisputed facts show that the song, as rendered in the movie, was developed independently by Gibson and Baskin from the same common source in the public domain used by the plaintiff. Henry Gibson and Richard Baskin are not parties to this proceeding.

### II

When an allegedly infringing work, as here, is derived from a common source in the public domain and is independently produced, there is no copyright violation or unfair use. *See Northern Music Corp. v.*

---

* One Hundred and One Famous Poems, R. J. Cook, Publisher (1926).

*King Record Distributing Co.*, 105 F.Supp. 393 (S.D.N.Y.1952); *Fuld v. National Broadcasting Co.*, 390 F.Supp. 877 (S.D.N.Y. 1975); *Costello v. Loew's, Inc.*, 159 F.Supp. 782 (D.D.C.1958). A general allegation of access, as made by the plaintiff, is insufficient. Both Gibson and Baskin deny prior knowledge of plaintiff or her version of the song. Plaintiff could not state or show that she had knowledge that Gibson and Baskin were aware of her composition. Her speculations and inferences as to access are insufficient to meet defendants' summary judgment challenge.

A copyright is not violated because a second work is similar when the two works stem from a common source. Infringement requires striking similarities of a kind that can result only from copying, rather than by coincidence, common source derivation or independent creation. *Stratchborneo v. ARC Music Corp.*, 357 F.Supp. 1393, 1403 (S.D.N.Y.1973). The undisputed facts point to independent development of the two songs and the exhibits show a basic rather than a striking similarity.

The plaintiff Scott permitted an unrestricted use and a publication of her song, coupled with the execution of a release. This resulted in a forfeiture of her common law copyright. *Hirshon v. United Artist Corp.*, 100 U.S.App.D.C. 217, 243 F.2d 640 (1957); 1 Nimmer, *Copyright* § 41 at 183–89 (1975).

The plaintiff relies heavily upon *Arnstein v. Porter*, 154 F.2d 464 (2nd Cir. 1946) and its holding that summary judgment in a copyright infringement proceeding is inappropriate when there is an issue of witness credibility as to access and when there is the "slightest doubt" as to the facts. Such reliance, however, is misplaced; *Arnstein* has lost its vitality by subsequent rulings. *See Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319 (2nd Cir. 1975); *Dressler v. Sandpiper*, 331 F.2d 130, 132 (2nd Cir. 1964). The plaintiff Scott has the burden of showing that Gibson and Baskin had access to her song. The depositions and relevant affidavits submitted, however, merely assert a claim of access.

Lacking is significant, affirmative and probative evidence to support that claim.

Gibson and Baskin are indispensable parties to this litigation. They collaborated and developed the song, later assigning their interests. Equally important is the fact that the validity of their copyright is at issue. Should this matter proceed to trial an adverse judgment against the present defendants would certainly affect their interests. *See First Financial Marketing Services Group, Inc. v. Field Promotions, Inc.*, 286 F.Supp. 295, 298 (S.D.N.Y.1968); *Charron v. Meaux*, 60 F.R.D. 619 (S.D.N.Y. 1973).

On basis of the foregoing, it is this 27th day of April, 1978,

ORDERED that the motions of the defendants for summary judgment and to dismiss for failure to join indispensable parties are granted; and it is

FURTHER ORDERED that the Complaint of Esther Mae Scott be, and it is, dismissed.