Jimmy TESTA, John Thomas, and Carl Thomas, Plaintiffs,

v.

Danny JANSSEN, Bobby Hart, Jeff S. Wald, Helen Reddy, Pocket Full of Tunes, Inc., Capitol Records, Inc., and The Big Apple Music Company, Defendants.

Civ. A. No. 76–54.

United States District Court, W. D. Pennsylvania.

May 20, 1980.

On Petition for Reconsideration June 24, 1980.

Irving M. Portnoy, Pittsburgh, Pa., for plaintiff.

Robert D. Yeager, G. Daniel Carney, Pittsburgh, Pa., Robert Osterberg, New York City, for defendants.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action for injunctive relief and money damages for alleged copyright infringement predicated on the Federal Copyright Act, 17 U.S.C. § 101, *et seq.* Presently before the court are the motions for summary judgment of defendants, Danny Janssen, Bobby Hart, and Pocket Full of Tunes, Inc., in which the remaining defendants, Capitol Records, Inc., Jeff S. Wald, Helen Reddy and Big Apple Music Company have joined. For the reasons which we will explicate the motions must be denied.

Philip J. Lipari composed the words and music to a composition entitled, "Kept on Singing" in 1969. In May of 1971, he assigned all right, title, and interest to the song to plaintiffs, Jimmy Testa, John Thomas and Carl Thomas. During the fall of 1971, the Thomases played a demonstration recording of "Kept on Singing" in New York City for two men engaged in the

promotion of such songs, namely, Morton D. Wax and Samuel Goldner.

Goldner expressed interest in the song and contacted plaintiffs several weeks later to suggest that a recording be made by a singer named James Coit Jackson. A meeting was arranged between Goldner, Jackson, and the Thomases at Goldner's office. At this meeting and on a later occasion, plaintiffs allege Goldner disclosed that he had or would contact defendant, Pocket Full of Tunes, Inc., a music publisher, through its president, Wes Farrell, concerning possible publication of the composition.[1] Goldner is now deceased and was never deposed by any party.

On November 15, 1971, plaintiffs registered "Kept on Singing" with the United States Copyright Office and obtained a Certificate of Copyright Registration bearing the number Eu 292 795. The composition was never published by plaintiffs, and the application for registration erroneously claimed authorship of the composition. This averment also appears in the original and amended complaint in this case. In their narrative statement filed in April of 1979, pursuant to Rule 5(II) of this court, plaintiffs corrected the error and stated that Philip Lipari composed the words and music to the song and assigned the work to plaintiffs.

Jackson recorded "Kept on Singing" at plaintiffs' expense on or about December 14, 1971, and forwarded the recording to Goldner. Plaintiffs allege that Goldner became increasingly evasive and avoided all further contact.

On August 28, 1972, Pocket Full of Tunes acquired the publishing rights to the alleged infringing song, "Keep on Singing," pursuant to a written agreement with defendants, Janssen and Hart, the co-authors.

Pocket Full of Tunes registered a claim of copyright for "Keep on Singing" on December 8, 1972, at number Eu 377 426 and on February 8, 1973, at number Ep 313 873.

---

1. The competency of such hearsay evidence in a summary judgment proceeding will be discussed in this opinion.

Licenses were granted to several recording companies and the song was recorded by Helen Reddy for Capitol Records in 1974. In June of 1977, Pocket Full of Tunes sold or otherwise transferred its copyright to "Keep on Singing" to defendant, The Big Apple Music Company.

The motions of defendants for summary judgment assert that: (1) plaintiffs' cause of action is barred by the equitable doctrine of unclean hands due to the false representations of authorship made to the copyright office and this court; (2) the copyright is invalid due to publication of plaintiffs' song prior to receipt of a statutory copyright; and (3) there is no genuine issue of fact with respect to copying and therefore plaintiffs are unable to establish a prima facie case of infringement.

## II. *Unclean Hands*

■ The equitable defense of unclean hands is available in a copyright infringement action whether the action is at law or equity. *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507, n. 8 (4th Cir. 1969). As Professor Nimmer has stated however:

> [S]uch a defense is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action. Such a defense has thus been recognized where the plaintiff misused the process of the courts by falsifying a court order, or by falsifying evidence, or where plaintiff misrepresented to the court and to the opposing party the scope of his copyright, or where he obtained information as to the nature of defendant's work through unfair means. The defense of unclean hands will be denied where the plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature  .   .  . .

3 M. Nimmer, Copyright § 13.09[B] (1978).

In the instant case, defendants contend that plaintiffs' false claim of authorship of the subject song is a bar to their cause of action. We disagree.

In *Rohauer v. Killiam Shows, Inc.*, 379 F.Supp. 723 (S.D.N.Y.1974), *rev'd on other grounds*, 551 F.2d 484 (2d Cir. 1977), the plaintiffs, assignees of the rights to a motion picture, registered a copyright to the work. The evidence established that the plaintiffs had exhibited the film prior to receipt of the assignment and copyright. The defendants argued, therefore, that the plaintiffs had engaged in acts of infringement similar to those of the defendants. 379 F.Supp. at 731. The court rejected the contention and held that the plaintiffs' transgressions did not relate to the subject matter of the litigation citing the language of Professor Nimmer set forth above. The court defined a transgression as follows. First, it must harm or prejudice a defendant in some way. *Id.* at 732. Alternatively, a defendant must show that a plaintiff participated in the very act of infringement with which a defendant is charged. *Id.*

■ *Vogue Ring Creations, Inc. v. Hardman*, 410 F.Supp. 609 (D.R.I.1976) illustrates the type of transgression that warrants application of the doctrine of unclean hands. In *Vogue Ring*, the plaintiff's copyright application omitted the fact of publication prior to receipt of a copyright. Prior publication voids a common law copyright and places a work within the public domain. *See* 1 Nimmer, Copyright § 4.01[B] (1978). Since the plaintiff's misrepresentation went to the very validity of the copyright, the district court held that the doctrine of unclean hands barred the claim. 410 F.Supp. at 616.

■ In our judgment, plaintiffs' misrepresentations here, with respect to authorship, are immaterial inasmuch as no prejudice has accrued to defendants, and the transgression in no way affects the validity of plaintiffs' copyright. We hold that the doctrine of unclean hands is no impediment to the plaintiffs' cause of action.

## III. *Prior Publication*

■ A common law copyright arises from the moment a work is created and continues until publication. Nimmer, *supra* at § 4.01[B]. Publication occurs "when by consent of the copyright owner, the original or tangible copies of a work are sold, leased,

loaned, given away, or otherwise made available to the general public." *Id.* at § 4.04.

Defendants contend that prior to registration of the copyright in November 1971, one Chuck Marshall recorded "Kept on Singing." However, Philip Lipari, the author and owner of the common law copyright, submitted an affidavit averring that Marshall's recording was without authorization or consent.[2] Since the consent of the copyright owner is essential to a finding of "publication," *Bartok v. Boosey & Hawkes,* 523 F.2d 941, 945 (2d Cir. 1975), a genuine question of fact is extant and precludes the entry of summary judgment on this issue.

IV. *Existence of Question of Fact on Issue of Copying*

In order to establish copyright infringement, plaintiffs must prove (1) ownership of the copyright and (2) copying by the defendants. 3 M. Nimmer, Copyright §§ 13.01 and 13.02[A] (1978). Defendants concede plaintiffs' ownership of a copyright to "Kept on Singing." Their summary judgment materials assail the second element of plaintiffs' claim, the alleged copying by Janssen and Hart.

There is seldom direct evidence of copying and, therefore, proof is ordinarily directed to a showing that: (1) the person or persons who composed a particular work had access to the copyrighted work; and (2) the work is substantially similar to the copyrighted piece. *Id.* at § 13.01[B]; *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 113 (5th Cir. 1978). If the two works are so strikingly similar so as to preclude the possibility of independent creation, direct proof of access is unnecessary. 584 F.2d at 113.

Access exists when a defendant had a reasonable opportunity to view the copyrighted work. *Universal Athletic Sales Co. v. Salkeld,* 340 F.Supp. 899 (W.D.Pa.1972),

*rev'd on other grounds,* 511 F.2d 904 (3d Cir. 1975). In the instant case, plaintiffs have established that the Thomases left a demonstration recording of "Kept on Singing" with Goldner in late 1971. No competent evidence is present from which this court could conclude that defendants had access to plaintiffs' work while possessed by Goldner.

Plaintiffs sole evidence on the issue of access consists of hearsay evidence from the Thomases and James Coit Jackson that on several occasions Goldner informed them he had contacted Pocket Full of Tunes and Wes Farrell and requested publication of the song.[3] As previously noted, Goldner died following the events of 1971 and 1972, and Morton Wax, who was present during the initial meeting with Goldner, has testified that he is unable to corroborate plaintiffs' assertion that Goldner admitted contacting Pocket Full of Tunes concerning publication.[4]

Rule 56 of the Federal Rules of Civil Procedure provides that only evidence which is admissible at trial may be introduced in a summary judgment proceeding. *First National Bank v. Insurance Company of North America,* 606 F.2d 760 (7th Cir. 1979); *see generally,* Wright & Miller, Federal Practice and Procedure: Civil § 2722, at p. 480. Hearsay evidence cannot be employed to avoid summary judgment. *Broadway v. City of Montgomery, Alabama,* 530 F.2d 657 (5th Cir. 1976); *Taylor v. Rederi A/S Volo,* 249 F.Supp. 326, 328 (E.D.Pa.1966), *rev'd on other grounds,* 374 F.2d 545 (3d Cir. 1967).

To support a finding of access, plaintiffs' evidence must extend beyond mere speculation or conjecture. And, while circumstantial evidence is sufficient to establish access, *Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.,* 575 F.2d 62, 64 (3d Cir. 1978), a defendant's opportu-

---

**2.** *See* paragraph 6 of Affidavit of Philip J. Lipari.

**3.** *See* depositions of Carl Thomas at 107–108 and James Coit Jackson at 12–13.

**4.** *See* deposition of Morton D. Wax at 30, 31 and 39.

nity to view the copyrighted work must exist by a reasonable possibility—not a bare possibility. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir. 1978). We hold that no genuine issue of fact is extant with respect to the question of access in this case.[5]

■ Even without proof of access, plaintiffs may nonetheless be able to establish copying, if they can prove that the instant works are "strikingly similar." Their burden is a heavy one. To prove that similarities are striking, plaintiffs must demonstrate that "such similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source." *Stratchborneo v. Arc Music Corp.*, 357 F.Supp. 1393, 1403 (S.D.N.Y.1973).

■ In an able and authoritative article, Jeffrey Sherman discusses the meaning of "strikingly similar" and its distinction from the concept of "substantially similar." *See* Sherman, *Musical Copyright Infringement: The Requirement of Substantial Similarity*, 22 ASCAP Copyright L.Symp. 81 (1977). The author notes that "something less than note-for-note identity . . . will permit plaintiff to dispense with direct proof of access." Sherman, *supra* at 83. Of particular significance is the existence of common errors in the two works and unusual departures from normal metric structure. *Id.* at 85, *citing Polk and Co. v. Musser*, 105 F.Supp. 351 (E.D.Pa.), *aff'd* 196 F.2d 1020 (3d Cir. 1952).

■ The practical difference between "substantial similarity," that is, the degree of similarity necessary where proof of access is extant, and "striking similarity," lies in a plaintiff's method of proof. Expert testimony is not required to establish "substantial similarity." However, when a plaintiff seeks to dispense with direct proof of access and attempts to establish that two works are "strikingly similar,"

such testimony is required. As Sherman explains:

> To prove that certain similarities are 'striking,' plaintiff must show that they are the sort of similarities that cannot satisfactorily be accounted for by a theory of coincidence, independent creation, prior common source, or any theory other than that of copying. Striking similarity is an extremely technical issue—one with which, understandably, experts are best equipped to deal. The question of substantial similarity, on the other hand, ought to be answered by means of the audience test. . . .

Sherman, *supra* at 96.

In the instant case, plaintiffs have submitted the reports of two experts as supplements to their pre-trial narrative statements. In one, Frank Jarema opines that "the song 'Keep on Singing' . . . contains some variations in lyrics, notes and values of notes from . . . 'Kept on Singing' and the Jackson recording, but is strikingly similar to both." In the other report, Dr. Joseph W. Jenkins, Professor of Music at Duquesne University, who undertook an extensive analysis of the two songs, concludes that "the similarity between the two songs in question was striking."

■ We are required to draw all inferences in favor of the non-moving party in adjudicating a motion for summary judgment. *Harold Friedman, Inc. v. Thorofare Markets, Inc.*, 587 F.2d 127, 131 (3d Cir. 1978). In light of the two reports of the experts of record, we cannot hold as a matter of law that the two songs are not "strikingly similar."

This case is distinguishable from *Ferguson v. National Broadcasting Co.*, supra, where the court ordered summary judgment on the issue of striking similarity. In *Ferguson*, the plaintiff failed to present the report of any expert on the question of

---

**5.** Plaintiffs contend that summary judgment is inappropriate in a copyright infringement action where the "slightest doubt" exists as to the facts. *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946). This is dated law. *See Ferguson v.*

*National Broadcasting Co., supra* at 114; *Scott v. Paramount Pictures Corp.*, 449 F.Supp. 518 (D.C.1978), *aff'd*, 607 F.2d 494 (D.C.Cir. 1979).

striking similarity and the defendant submitted the reports of two experts who concluded that the similarities were minor in nature. 584 F.2d at 114. The existence of "striking similarities" between plaintiffs' and defendants' song is clearly a disputed material fact in this case. Defendants' motions for summary judgment must be denied.

### V. Issues Remaining for Trial

■ The Federal Rules of Civil Procedure do not authorize partial summary judgment for a portion of a single claim. *Coffman v. Federal Laboratories, Inc.*, 171 F.2d 94 (3d Cir. 1948), *cert. denied* 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); *Connelly v. Wolf, Block, Schorr and Solis-Cohen*, 463 F.Supp. 914, 919 (E.D.Pa.1978). However, Rule 56(d) empowers a district court to withdraw issues from a case where a genuine issue of fact is absent. *Id.* at 920; Wright & Miller, Federal Practice and Procedure: Civil § 2737, at 678. In short, a court may enter a partial summary adjudication. In view of our discussion and conclusion of want of access as a matter of law, we hold that at trial plaintiffs may not assert that defendants had access to their copyrighted work. To recover, plaintiffs must prove that the two works are "strikingly similar" so as to preclude the possibility of independent creation.

An appropriate order will follow.

### ON PETITION FOR RECONSIDERATION

At the pre-trial conference of June 24, 1980, counsel expressed some confusion concerning the orders of this court dated May 20 and June 9, 1980. In order to clarify the plaintiffs' burden of proof at trial, and our opinion of May 20, 1980, we will further explicate our previous rulings.

This is a civil action for injunctive relief and money damages for alleged copyright infringement. Defendants have moved for reconsideration of this court's order of May 20, 1980, denying their motions for summary judgment. In the alternative, defendants request certification of the issues pursuant to 28 U.S.C. § 1292(b). Both motions will be denied.

In their motions for judgment, defendants argue, *inter alia*, that, since there is an absence of a genuine issue of fact with respect to copying, plaintiffs are unable to establish a prima facie case of infringement.

■ As this court noted in its opinion of May 20, copying may be established by showing: (1) Direct proof of access to the copyrighted work and the two works are "substantially similar," *or* (2) The two works are so "strikingly similar" so as to preclude the possibility of independent creation. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978). Proof that the two works are strikingly similar dispenses with the need to establish direct proof of access by a defendant to the copyrighted work. *Id.*

After a review of the evidence, the court concluded that no competent evidence was extant with respect to direct proof of access by defendants to the plaintiffs' work. Summary judgment was denied, however, because a question of fact did exist concerning the "striking similarity" between the two works.

■ In their motion for reconsideration, defendants assert that the court has dispensed with the need to find access in order for copying to have occurred. This is not our holding. We have held only that, where striking similarities between two works are present, direct proof of access may be dispensed with since access may be inferred from the very existence of such marked similarities. As Jeffrey Sherman, in an authoritative article, has explicated, "Access (Proved by striking similarity) = copying." *Sherman, Musical Copyright Infringement: The Requirement of Substantial Similarity*, 22 ASCAP Copyright L. Symp. 81, 83 (1977). Stated another way, proof of striking similarity is a means by which the trier of fact may find access.

Defendants' argument that summary judgment must be granted since the issue of access has been removed from the case is

a semantical exercise. As we have stated, proof of direct access is unnecessary where striking similarities between two works are present. The existence of such similarities permits the trier of fact to find access and authorizes the finding that copying has occurred.

IT IS ORDERED that the motion for reconsideration or, in the alternative, for certification be and hereby is denied.