**UNITED STATES of America for the use of AFT Inc.**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN**

v.

**ROBERT BUILDERS, INC., Domenic A. Macioce, Jr., Anita A. Macioce, and Robert C. Macioce.**

**Civ. A. No. 79–733–A.**

United States District Court, W. D. Pennsylvania.

Aug. 27, 1980.

John F. Becker, Sikov & Love, P. A., Pittsburgh, Pa., for plaintiff AFT Inc.

Marshall J. Conn and Jack W. Plowman, Pittsburgh, Pa., for defendant Employers Mut. Liability.

John A. Tumolo, Pittsburgh, Pa., for third-party defendants Robert Builders, et al.

## OPINION

WEBER, Chief Judge.

This is an action to recover funds from a surety bond, brought in this court under the Miller Act, 40 U.S.C. §§ 270a–270d. The plaintiff in this action, AFT Inc., is a Pennsylvania corporation engaged in the business of supplying labor and equipment to construction contractors. In the course of its business AFT supplied Robert Builders, Inc., a general contractor, with labor and materials as part of a construction project undertaken at the Greater Pittsburgh Airport. Subsequently, AFT claimed that Robert Builders had failed to pay the full balance due for the goods and services provided by AFT on this project. Accordingly, AFT brought this action against Robert Builders' surety, Employers Mutual Liability Insurance Company of Wisconsin, to recover these funds.

Employers Mutual, in turn, filed a third party complaint against Robert Builders. The basis for this complaint was an indemnity agreement executed between Employers Mutual and Robert Builders. In this indemnity agreement the parties provided for arbitration of disputes in accordance with the procedures set forth in the Pennsylvania Arbitration Act of 1927. The terms of this act provide for state judicial review of an arbitrator's award. See 5 Pa.Stat.Ann. §§ 169, 175.

Accordingly, on January 18, 1980 this court ordered that Employers Mutual's claim against Robert Builders be remanded to state court for proceedings pursuant to the Arbitration Act of 1927. At present the status of these proceedings is as follows: the arbitrator found in favor of Employers Mutual and ordered indemnification by Robert Builders; this arbitrator's award was subsequently confirmed by the Court of Common Pleas of Allegheny County; and an appeal of the award is now pending before the Superior Court.

Given this background, plaintiff AFT now comes before this court seeking a summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, against Employers Mutual. In support of this motion AFT argues that the Common Pleas Court decision confirming the arbitrator's award effectively resolves the question of Robert Builders' liability to AFT. Therefore, AFT contends, that judgment should act as res judicata and preclude any further litigation of this point in the instant case.

After consideration of the briefs of the parties, however, we conclude that the doctrines of collateral estoppel and/or res judicata are not applicable to this case at the present time. We therefore deny plaintiff's motion for summary judgment.

■ According to Comment (g) of § 95 of the Restatement (Second) of Conflicts of Laws:

> The local law of the State where the judgment was rendered, determines, subject to constitutional limitations, whether, and to what extent, (a) judgment is conclusive as to the issues involved in a later suit between the parties, or their privies, upon a different claim or cause of action.

See, Connelly v. Wolf, Block, Schorr & Solis-Cohen, 463 F.Supp. 914, 917 (E.D.Pa. 1978), (citing Comment (g) in a diversity case). While this case is brought under Federal question jurisdiction under the Miller Act, we nevertheless must give effect to Pennsylvania law to determine the effect of its judgment. The plaintiff relies on a Pennsylvania judgment as res judicata, therefore we must determine the preclusive effect of a Common Pleas Court judgment now on appeal under Pennsylvania law.

■ Under Pennsylvania law a necessary prerequisite to a plea of res judicata or collateral estoppel is a final judgment on the merits in a prior case. See e. g., In Re Estate of Ellis, 460 Pa. 281, 33 A.2d 728 (1975), (collateral estoppel); Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 218 A.2d 350 (1966), (res judicata). See also Restatement of Judgments, § 41 (res judicata) and § 68 (collateral estoppel). Moreover, although the case law on this point is dated, it appears that, in Pennsylvania, a judgment is not final for the purpose of res judicata or collateral estoppel while an appeal from that judgment is still pending. See e. g., Bryar v. Campbell, 177 U.S. 649, 654, 20 S.Ct. 794, 44 L.Ed.2d 926 (1900), (Applying Pennsylvania law); Columbia National Bank v. Dunn, 207 Pa. 548, 56 A. 1087 (1904); Appeal of Small, 15 A. 807, 1 Mona. 676, 23 W.N.C. 25 (1888); Souter v. Baymore, 7 Pa. 415 (1847). See also, Rankin v. Iron City Sand & Gravel Co., 71

F.Supp. 26 (W.D.Pa.1947), (Held, no final judgment during pendency of a state court appeal; no reference to Pennsylvania law). See generally, 9 A.L.R.2d 984, 999; 20 P.L.E., Judgments, § 278.

In its brief the plaintiff contests this position, relying upon Connelly v. Wolf, Block, Schorr & Soltis-Cohen, 463 F.Supp. 914 (E.D.Pa.1978) to support the proposition that collateral estoppel can be applied to a judgment under appeal. Such reliance, however, is misplaced in the instant case. In Connelly the court's conclusions were based on the New York law of collateral estoppel and not the law of Pennsylvania. See, Connelly, supra at 918 nn. 3, 4. These conclusions, therefore, are in no way controlling in this case.[1]

■ Applying Pennsylvania's law of res judicata to the facts of this case, it becomes clear that a summary judgment would not be appropriate at this time. As noted above, at present there is an appeal pending from the Common Pleas Court decision confirming the arbitrator's award in favor of Employers Mutual. Under Pennsylvania law while this appeal is pending there is no final judgment upon which a plea of res judicata or collateral estoppel can be based.

Therefore, Plaintiff's Motion For Summary Judgment must be denied.

---

1. We also note that this court's decision in Cyclops Corp. v. Fischbach & Moore, Inc., 71 F.R.D. 616 (W.D.Pa.1976) is not applicable to the instant case. In Cyclops we held that a prior federal district court judgment could be pleaded as res judicata, notwithstanding a pending appeal from that judgment. In doing so, however, we relied upon the federal rule of res judicata. That rule differs markedly from the Pennsylvania rule and, therefore, would not be applicable to this case.